# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS PFEIFFER, | CASE NO. 1:07-cv-01604-OWW-SMS PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON EIGHTH AMENDMENT CLAIM AGAINST DUNCAN, BULLARD, AND MARTIN |
| v. | |
| I. CLAY, WARDEN, et al., | |
| Defendants. | |
| | (Doc. 1) |
| _____/ | RESPONSE DUE WITHIN THIRTY DAYS |

### Screening Order

**I.      Screening Requirement**

Plaintiff Douglas Pfeiffer ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 12132 (Americans with Disabilities Act) and 42 U.S.C. § 1983.  Plaintiff filed this action on November 5, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

1

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
4  exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.
5  506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and
6  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
7  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
8  grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512.  However, "the liberal pleading
9  standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330
10  n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements
11  of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257
12  (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

13  **II.   Plaintiff's Claims**

14      The events at issue in this action allegedly occurred at the Sierra Conservation Center in
15  Jamestown, where Plaintiff was housed at the time.  Plaintiff alleges that he is disabled and was
16  forced to live in a gymnasium that lacked accommodations.  (Doc. 1, Comp., § IV.)  Plaintiff alleges
17  that he complained about the unsafe conditions and on November 27, 2006, he fell on the wet tile
18  floor in the restroom, breaking his hand and injuring his hip, back, and neck.  Plaintiff alleges that
19  had there been accommodations for the disabled, he believes he would not have been injured.
20  Plaintiff alleges that Defendants Duncan, Bullard, and Martin were aware of the unsafe conditions
21  in the gym.

22      Plaintiff is seeking money damages, and names Warden I. Clay, Associate Warden P.
23  Rawlinson, Captain M. Martin, Lieutenant J. Knigge, Chief Deputy Warden S. Mendoza Salinas,
24  and Correctional Officers J. Bullard, J. Duncan, and Watson as defendants.

25      **A.   ADA Claim**

26      It appears from the language in Plaintiff's complaint that he is bringing this action for
27  violation of 42 U.S.C. § 12132 (Americans with Disabilities Act).  Title II of the Americans with
28  Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." <u>Lovell v. Chandler</u>,

1   303 F.3d 1039, 1052 (9th Cir. 2002).  Title II provides that "no qualified individual with a disability

2   shall, by reason of such disability, be excluded from participation in or be denied the benefits of the

3   services, programs, or activities of a public entity, or be subject to discrimination by such entity."

4   42 U.S.C. § 12132.  Title II of the ADA applies to inmates within state prisons.  Pennsylvania Dept.

5   of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d

6   1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).  "To establish

7   a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with

8   a disability; (2) [he] was excluded from participation in or otherwise discriminated against with

9   regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination

10  was by reason of [his] disability."  Lovell, 303 F.3d at 1052.  "To recover monetary damages under

11  Title II of the ADA . . , a plaintiff must prove intentional discrimination on the part of the

12  defendant," and the standard for intentional discrimination is deliberate indifference.  Duvall v.

13  County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

14      Plaintiff's claim appears better redressed under the Eighth Amendment rather than the ADA.

15  Therefore, the Court will address such a claim in the subsection that follows.  With respect to the

16  ADA, Plaintiff has not alleged any facts supporting a claim that the defendants named in the

17  complaint intentionally discriminated against him on the basis of his disability or that he was

18  excluded from participation in a service, program, or activity.

19      Further, Plaintiff has named only individual prison employees.  "'Title II of the ADA

20  prohibits discrimination in programs of a public entity or discrimination by any such entity.'"

21  Roundtree v. Adams, No. 1:01-CV-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1,

22  2005) (quoting Thomas v. Nakatani, 128 F.Supp.2d 684, 691 (D. Haw. 2000)).  "The ADA defines

23  'public entity' in relevant part as 'any State or local government' or 'any department, agency, special

24  purpose district, or other instrumentality of a State or States or local government.'"  Roundtree, 2005

25  WL 3284405, at *8 (citing 42 U.S.C. § 12131(1)(A)-(B)).  Public entity, "'as it is defined within the

26  statute, does not include individuals.'"  Id. (quoting Alsbrook v. City of Maumelle, 184 F.3d 999,

27  1005 n.8 (8thCir. 1999)).  Thus, individual liability is precluded under Title II of the Americans with

28  ///

Disabilities Act, and Plaintiff may not pursue his ADA claim against the individual defendants named in the complaint.

### B.    Eighth Amendment Conditions of Confinement Claim

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)).   Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.

Allegations that conditions in the gymnasium were dangerous for disabled inmates because the facility was not outfitted to safety accommodate them can support a claim under the Eighth Amendment. Frost, 152 F.3d at 1128-29 (triable issue of fact on claim arising from failure to undertake safety measures in housing a pretrial detainee in cast and on crutches).  Accordingly, Plaintiff's allegations are sufficient to give rise to a colorable claim under the Eighth Amendment.

However, to state a claim under section 1983, Plaintiff must allege that the deprivation of his rights was committed by persons acting under the color of law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is

1   made.'" <u>Hydrick v. Hunter</u>, 500 F.3d 978, 988 (9th Cir. 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d

2   740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some

3   kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts

4   by others which the actor knows or reasonably should know would cause others to inflict the

5   constitutional injury.'"  <u>Id</u>. (quoting <u>Johnson</u> at 743-44).  In this instance, Plaintiff links only

6   Defendants Duncan, Bullard, and Martin to the knowing disregard of a risk to his safety.  Therefore,

7   Plaintiff states a claim only against those three defendants.

8        The Court will provide Plaintiff with the opportunity to file an amended complaint curing

9   this deficiency.  In amending, Plaintiff is advised that "there is no pure *respondeat superior* liability

10  under § 1983, [and] a supervisor [may only be held] liable for the constitutional violations of

11  subordinates 'if the supervisor participated in or directed the violations, or knew of the violations

12  and failed to act to prevent them.'" <u>Hydrick</u>, 500 F.3d at 988 (quoting <u>Taylor v. List</u>, 880 F.2d 1040,

13  1045 (9th Cir. 1989)).  Further, the existence of an administrative remedy process does not create

14  any substantive rights and cannot support a claim for relief for violation of a constitutional right,

15  <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir.

16  1988); <u>Massey v. Helman</u>, 259 F.2d 641, 647 (7th Cir. 2001), and "[r]uling against a prisoner on an

17  administrative complaint does not cause or contribute to the violation," <u>George v. Smith</u>, 507 F.3d

18  605, 609 (7th Cir. 2007).

19  **III.   <u>Conclusion</u>**

20       Plaintiff's complaint states a claim against Defendants Duncan, Bullard, and Martin for

21  violation of the Eighth Amendment.  However, the complaint fails to state a claim for violation of

22  the ADA and fails to state a claim under the Eighth Amendment against Defendants Clay,

23  Rawlinson, Knigge, Mendoza Salinas, and Watson.  The Court will provide Plaintiff with the

24  opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

25       If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only

26  against Defendants Duncan, Bullard, and Martin, Plaintiff may so notify the Court in writing, and

27  the Court will issue a Findings and Recommendations recommending that the ADA claim and the

28  other defendants be dismissed from this action, and will forward Plaintiff three summonses and three

1  USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the

2  United States Marshal to initiate service of process.

3        If Plaintiff opts to amend, he must demonstrate in his complaint how the conditions

4  complained of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625

5  F.2d 227 (9th Cir. 1980).  The complaint must allege in brief but specific terms how each named

6  defendant is involved.  There can be no liability unless there is some affirmative link or connection

7  between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976);

8  May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

9  1978).

10        Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

11  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

12  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

13  pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

14  complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing

15  to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

16  1474.

17        Based on the foregoing, it is HEREBY ORDERED that:

18       1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

19       2.    Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

20            a.    File an amended complaint curing the deficiencies identified by the Court in

21                this order, or

22            b.    Notify the Court in writing that he does not wish to file an amended

23                complaint and wishes to proceed only against Defendants Duncan, Bullard,

24                and Martin for violation of the Eighth Amendment; and

25  ///

26  ///

27  ///

28  ///

1     3.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to

2            obey a court order.

3

4 IT IS SO ORDERED.

5 **Dated:**   **June 6, 2008**                    **/s/ Sandra M. Snyder**

6                                   UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28