# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DOUGLAS PFEIFFER,

            Plaintiff,

    v.

I. CLAY, WARDEN, et al.,

            Defendants.

_____/

CASE NO. 1:07-cv-01604-OWW-SMS PC

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DISMISSAL OF ACTION
FOR FAILURE TO STATE ANY CLAIMS
UPON WHICH RELIEF MAY BE GRANTED

(Doc. 15)

OBJECTIONS DUE WITHIN THIRTY DAYS

**Recommendation of Dismissal Following Screening of Second Amended Complaint**

**I.    Procedural History**

      Plaintiff Douglas Pfeiffer, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 5, 2007.  On June 9, 2008, the Court issued an order finding that Plaintiff's complaint stated a claim against Defendants Duncan, Bullard, and Martin for violation of the Eighth Amendment, but did not state a claim for violation of the Americans with Disabilities Act and did not state a claim under the Eighth Amendment against Defendants Clay, Rawlinson, Knigge, Mendoza-Salinas, and Watson.  Plaintiff was ordered to either file an amended complaint or notify the Court of his willingness to proceed only on the claim found to be cognizable.  Plaintiff filed a first amended complaint on July 7, 2008, and the Court dismissed it, with leave to amend, for failure to state any claims on February 27, 2009.  Plaintiff's second amended complaint, filed April 2, 2009, is now pending before the Court.

///

1

1    **II.    Screening Requirement**

2        The Court is required to screen complaints brought by prisoners seeking relief against a

3    governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

4    Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6    monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

7    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

8    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

9    claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

10       A complaint must contain "a short and plain statement of the claim showing that the pleader

11   is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

12   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

13   do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.

14   Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient

15   factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at

16   1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal

17   conclusion are not. Id. at 1949.

18   **III.   Plaintiff's Claims**

19       **A.    Plaintiff's Allegations**[1]

20       The events at issue in this action allegedly occurred at the Sierra Conservation Center (SCC)

21   in Jamestown, California, where Plaintiff was housed at the time. Plaintiff's claims, brought for

22   violation of the Eighth Amendment of the United States Constitution, arise from an incident in

23   which he slipped, fell, and injured himself in the restroom of the prison's gymnasium.

24       Plaintiff alleges that at the time of his injury, the gym at the prison was not set up to

25   accommodate disabled inmates, and the restroom did not have proper drainage for water and waste,

26   hand rails, or non-skid tape on the floor. Plaintiff complained several times and on November 27,

27

28           [1] Bullard and Duncan are listed as defendants in the caption and in the section entitled "Defendants," but the
     "Statement of Claim" is devoid of any allegations against them.

2006, Plaintiff fell on the slippery restroom floor, and broke his left hand and injured his hip, back, and neck.

Plaintiff alleges that Warden Clay is responsible for the safety and security of the inmates housed at SCC, and supervises all operations at the prison. Archuletta, who supervised building trades, was responsible for ensuring that buildings were compliant with the law and should have been aware which buildings were and were not appropriate for housing disabled prisoners. Captain Martin knowingly placed disabled inmates in the gym and failed to accommodate them so they could program safely. Rawlinson and Mendoza-Salinas, who were involved in reviewing Plaintiff's complaint made via an inmate appeal, failed to review the incident, and ordered Plaintiff to be transferred to a different building only after he fell and injured himself.[2] Finally, Watson, who was Plaintiff's supervisor at his clerical job, failed to fill out a worker's compensation form even though Plaintiff was working at the time of his fall.

## B.   Eighth Amendment Claims[3]

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)). Second, the prison official must "know[] of and disregard[]

[2] Rawlinson and Mendoza-Salinas are not listed in the caption or in the section entitled "Defendants." However, they are described as defendants in the "Statement of Claim." Therefore, no claim is stated against them and they are not further mentioned.

[3] When the Court screened Plaintiff's original complaint, it provided Plaintiff with the applicable legal standard for ADA claims, and notified Plaintiff of the deficiencies in his ADA claim, to the extent Plaintiff was attempting to state an ADA claim. Based on the allegations set forth in the second amended complaint, Plaintiff does not appear to be attempting to state an ADA claim. However, to the extent he is, the same deficiencies identified by the Court in its first screening order exist in the second amended complaint.

1   an excessive risk to inmate health or safety . . . ." <u>Farmer</u>, 511 U.S. at 837. Thus, a prison official

2   may be held liable under the Eighth Amendment for denying humane conditions of confinement only

3   if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take

4   reasonable measures to abate it. <u>Id.</u> at 837-45.

5           Conditions that are dangerous for disabled inmates because the facility is not outfitted to

6   safety accommodate them may rise to the level of an Eighth Amendment violation. <u>Frost</u>, 152 F.3d

7   at 1128-29. However, under section 1983, Plaintiff must demonstrate that each defendant personally

8   participated in the deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).

9   Each government official, regardless of his or her title, is only liable for his or her own misconduct,

10   and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual

11   actions, violated Plaintiff's constitutional rights. <u>Iqbal</u> at 1948-49.

12           The complaint sets forth no facts supporting a claim that Defendants Clay and Archuleta

13   personally "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] . . . safety." <u>Farmer</u>, 511

14   U.S. at 837. Because there is no vicarious liability under section 1983, Plaintiff's allegations that

15   Defendant Clay is liable because he is responsible for the safety and security of inmates at SCC, and

16   Defendant Archuleta is liable based on his job description as building supervisor do not state a viable

17   claim for relief under section 1983. <u>Id.</u> at 1948-49.

18           Plaintiff's allegations against Defendant Martin fall short of stating a claim because they do

19   not demonstrate that Martin acted with deliberate indifference to Plaintiff's safety needs. Plaintiff's

20   allegations must be sufficient to support a plausible claim for relief, which requires more than the

21   mere possibility of misconduct. <u>Iqbal</u> at 1949-50. Plaintiff's very general allegation that Defendant

22   Martin placed disabled inmates in the gymnasium without first accommodating them by providing

23   them the means to program safely does not support an Eighth Amendment claim against Martin.

24           Defendants Rawlinson and Mendoza-Salinas were involved in reviewing Plaintiff's inmate

25   appeal. The allegation that Defendants failed to review the incident and ordered a building move

26   for Plaintiff after his accident provides no support for a claim that Defendants were personally

27   involved in violating Plaintiff's Eighth Amendment rights. <u>Id.</u>

28   ///

1    Finally, Defendant Watson's failure to fill out worker's compensation forms for Plaintiff does

2    not support a claim for violation of Plaintiff's constitutional rights.  Id.

3    **IV.    Conclusion and Recommendation**

4    Plaintiff's second amended complaint fails to state any claims upon which relief may be

5    granted under section 1983.  Plaintiff was previously provided with two opportunities to amend his

6    claims, but was unable to do so.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

7    Accordingly, the Court HEREBY RECOMMENDS dismissal of this action, with prejudice, for

8    failure to state any claims upon which relief may be granted under section 1983.

9    These Findings and Recommendations will be submitted to the United States District Judge

10   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

11   **days** after being served with these Findings and Recommendations, Plaintiff may file written

12   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

13   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

14   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

15   1153 (9th Cir. 1991).

16

17   IT IS SO ORDERED.

18   **Dated:    August 10, 2009**                    _____/s/ Sandra M. Snyder_____
                                                       UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

27

28

5